No. 11,948.

MANUEL ABASCAL VS. CITY OF NEW ORLEANS.

| 48 | 565 |
| 48 | 847 |
| 48 | 565 |
| 49 | 847 |

Holders of floating debt certificates are not entitled to recover money judgments against the city therefor.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Louque & Pomes* for Plaintiff, Appellant.

---

*E. A. O'Sullivan*, City Attorney, and *Horace D. Dufour*, Assistant City Attorney, for Defendant, Appellee.

Submitted on briefs, February 25, 1896.
Opinion handed down March 9, 1896.

The opinion of the court was delivered by

WATKINS, J.   Plaintiff seeks to obtain against the city a money judgment upon certain certificates which represent the floating indebtedness of the city.   The city answered, first, pleading a general and special denial, and then tendered a plea of no cause of action. This plea having been sustained and the suit dismissed, the plaintiff prosecuted this appeal.

In Johnson vs. City, 46 An. 714, it was decided that the holders of demands against the city of New Orleans—whatever the character of the evidences of indebtedness might be, whether certificates or claims, original or transferred—who are entitled to payment only out of *funds appropriated for that purpose*, are not entitled to recover an absolute judgment against the city therefor in case the fund prove inadequate from any cause.

In thus deciding the court followed the precedent established in Creole Steam Fire Engine Company vs. City, 30 An. 981.

In that case suit was brought upon certificates of appropriation representing a part of the debts of the city for current municipal expenses, and we restricted judgment of the lower court " to the revenues of the several years in which the respective claims arose."

These two decisions are in strict keeping with other adjudications on this and kindred questions.   State ex rel. Wood vs. Board of Liquidation, 40 An. 398;  Fernandez vs. City, 42 An. 1;  Newgass vs. City, 42 An. 169;  Paving Company vs. City, 43 An. 464;  State *ex rel.* Fernandez vs. City, 45 An. 1389;  Fernandez vs. City, 46 An. 1130.

In our opinion the question of the city's liability to a money judgment upon the evidences of floating indebtedness has been effectually settled by repeated decisions which are binding on us and with which we are indisposed to interfere.

Judgment affirmed.